**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

RICHARD LEE COX                                            PLAINTIFF

V.                     NO. 1:09CV00053 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                DEFENDANT

**MEMORANDUM AND ORDER**

**I. Introduction**

Plaintiff, Richard Lee Cox, has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Supplemental Security Income ("SSI") and Childhood Disability Benefits ("CDB"). Both parties have filed Appeal Briefs (docket entries #17 and #20), and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind

might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

On November 20, 2006, Plaintiff filed applications for SSI and CDB.[2] (Tr. 84-93). In his "Disability Report - Adult," he stated that he became disabled on August 1, 1998, due to respiratory and food allergies, a "bad right leg," and sinus infections. (Tr. 111). After Plaintiff's claims were denied at the initial and reconsideration levels, he requested a hearing before an Administrative Law Judge ("ALJ").

On March 24, 2009, the ALJ conducted an administrative hearing. (Tr. 36-51).

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

[2] Plaintiff was twelve years old as of his alleged onset date, and twenty years old when he filed his claims. He filed his claim for CDB based on the earnings record of his father, who died when Plaintiff was fifteen years old. (Tr. 87).

In order to qualify for CDB, a claimant must prove that he is: (1) under a disability; (2) a child of the wage earner under whose disability insurance the claimant is applying; and (3) under the age of eighteen, or, if eighteen or older, under a disability before the age of twenty-two. *See* 42 U.S.C. § 402(d)(1); 20 C.F.R. § 404.350.

Plaintiff was the only witness. At the time of the hearing, Plaintiff was twenty-two years old, and in his sophomore year of college. (Tr. 40). He had no past relevant work. (Tr. 40).

The ALJ considered Plaintiff's impairments by way of the familiar five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(I) (2005), §416.920. If the claimant is, benefits are denied, regardless of medical condition, age, education, or work experience. *Id.*, § 404.1520(b), § 416.920.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has a "severe" impairment, *i.e.*, an impairment or combination of impairments which significantly limits the claimant's ability to perform basic work activities. *Id.*, § 404.1520(4)(ii), § 416.920. If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(a)(iii), § 416.920. If so, and the duration requirement is met, benefits are awarded. *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past

relevant work. *Id.*, § 404.1520(4)(iv), § 416.920. If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(4)(v), § 416.920. If so, benefits are denied; if not, benefits are awarded. *Id.*

In his July 2, 2009 decision, (Tr.10-16), the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since August 1, 1998, his alleged onset date; (2) had severe impairments consisting of obesity and Blount's disease; (3) did not have an impairment or combination of impairments meeting a Listing; (4) had the RFC to perform the full range of sedentary work; (5) had no past relevant work; but (6) based on an application of the Medical-Vocational Guidelines, could perform other work in the national economy. (Tr. 10-16). Thus, the ALJ concluded that Plaintiff was not disabled.

On September 23, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 1-3). Plaintiff then filed his Complaint appealing that decision to this Court. (Docket entry #2).

## II. Analysis

In Plaintiff's Appeal Brief (docket entry #17), he argues that the ALJ erred: (1)

in failing to apply SSR 02-01p in evaluating his obesity; (2) in not considering the "impact" of his obesity on his ability to work; (3) in failing to consider the effects of his obesity in combination with his other impairments; and (4) in failing to obtain vocational expert ("VE") testimony at Step 5. For the reasons discussed below, the Court concludes that Plaintiff's last argument has merit.

At the administrative hearing, Plaintiff testified that he was 5'11" and weighed 375 pounds.[3] He stated that he had limitations in standing and lifting that made it difficult for him to work. (Tr. 41). He also had a problem in his right leg due to Blount's disease, for which he had undergone a surgical repair.[4] (Tr. 42). He testified that he could stand for thirty minutes, and walk a block. (Tr. 42-43). He also had difficulty climbing stairs. (Tr. 43).

Plaintiff argues that, because he suffered from morbid obesity, a nonexertional impairment, the ALJ erred in relying on the Grids, rather than calling a vocational expert. Pltf's App. Brf. at 9-10. In response, the Commissioner argues that "because

---

[3]On his December 7, 2006 application documents, he reported that he was 6'1" and weighed 350 pounds. (Tr. 111). *See also* Tr. 159 (December 15, 2006 medical record documenting height of 6'1" and weight of 365 pounds); Tr. 179 (October 26, 2006 medical record documenting height of 6'1" and weight of 350 pounds); Tr. 169 (June 21, 2003 medical record documenting weight of 350 pounds).

[4]Blount's disease, which is associated with obesity, is a growth disorder causing the tibia to turn inward and bow the leg.

the ALJ discredited Plaintiff's subjective complaints regarding his non-exertional limitations and found Plaintiff could perform a full range of sedentary work, the ALJ properly used the Grids[.]" Dft's App. Brf. at 10-11.

"Obesity is . . . a nonexertional impairment which might significantly restrict a claimant's ability to perform the full range of sedentary work." *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). The relevant question is whether Plaintiff's obesity was severe enough to have prevented him from performing the full range of sedentary work listed in the Medical-Vocational Guidelines.  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

On October 26, 2006, Plaintiff was seen by Dr. Manamia Pardueard, a physician at Arkansas Rehabilitation Services, for a disability assessment due to complaints of "residuals of surgery/ [right] leg for Blount's disease." (Tr. 178). Dr. Pardueard's orthopedic examination showed that Plaintiff walked with a limp and that his right leg had a slight lateral deviation. (Tr. 179). She assessed "Blount's Disease with Surgical Repair and Residual Effects; Pain R Leg - R/O Arthritis; Lateral Deviation, R Leg." (Tr. 179). She also noted that Plaintiff was morbidly obese, with

a BMI of 46.2. (Tr. 179). She checked boxes indicating that Plaintiff had a "limitation" in standing, kneeling, and lifting, and that he should "avoid" climbing and "strenuous labor." (Tr. 178).

In his decision, the ALJ acknowledged the assessment from Arkansas Rehabilitation Services (Tr. 13), yet found that "there is no objective evidence that the claimant could not perform at least sedentary work." (Tr. 14).

This conclusion overlooks or ignores the fact that morbid obesity is a nonexertional impairment that clearly may have restricted Plaintiff's ability to perform a full range of sedentary work. Plaintiff's morbid obesity and lateral leg deviation were certainly objective findings. Furthermore, a limitation on standing, kneeling, and lifting, may all be attributable, at least in part, to morbid obesity. Thus, Plaintiff's obesity should have been included, along with his other severe impairments, in a hypothetical question to a vocational expert. *See Lucy*, 113 F.3d at 909.

### III. Conclusion

On remand, the ALJ should obtain vocational expert testimony at Step 5. Furthermore, the ALJ should also carefully update the medical record and ensure that he obtains and considers all of the medical evidence to support his RFC assessment.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter is remanded to the Commissioner for further proceedings

pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 20th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE